E-FILED
Wednesday, 16 June, 2010 01:05:17 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

BRIAN ANDR'E WARREN,

Plaintiff,

v.

EUNICE PATTON, LEONARD CARTER, ELISE HOLMAN, RENEE HESS, and NORMA CARTER,

Defendants.

Case No. 10-cv-1188

## O R D E R & O P I N I O N

This matter is before the Court *sua sponte*. Plaintiff filed a pro se Complaint under 28 U.S.C. § 1983 in this Court, alleging that Defendants have violated his property rights in violation of due process. (Doc. 1). Plaintiff's "venue" allegation notes that he filed his Complaint in the Central District of Illinois because one of the Defendants, Eunice Patton, resides in Bloomington, Illinois. However, the § 1983 claim relates to a probate proceeding in Calhoun County, Michigan, in which Plaintiff alleges that Defendants have conspired to deprive him of his property from the estate. In addition, Plaintiff is incarcerated in St. Louis, Michigan, and all of the Defendants other than Patton, reside in Michigan. This leads the Court to consider whether venue is indeed proper in this Court.

Under 28 U.S.C. § 1391(b), when jurisdiction is based on a federal question, venue is proper in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a

> substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, *if* there is no district in which the action may otherwise be brought.

(emphasis added). If it is determined that this district is not a proper venue for the action, then the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The decision to transfer is in the sound discretion of the court. *Saylor v. Dyniewski*, 836 F.2d 341, 345 (7th Cir. 1988).

Here, Plaintiff's sole reason for filing his Complaint in this district is that Defendant Patton resides within it. He implicitly relies on § 1391(b)(3). However, § 1391(b)(3) is only applicable where there is no other district where the action could be brought. There is no indication that this is the only district that can provide a venue for this matter. Instead, as the Defendants do not all reside in the same state, subsection (2) of § 1391(b) appears applicable, and the Western District of Michigan, being the site of the probate at issue as well as the residence of three of the Defendants, seems to be the proper forum.

IT IS THEREFORE ORDERED that, if he has objection to the Court's determination that this matter should be transferred to the Western District of Michigan, Plaintiff SHALL file a brief explaining why such a transfer would be improper within 21 days of the date of this Order. If Plaintiff does not file a timely objection to this determination, the Court will transfer the matter to the Western District of Michigan pursuant to 28 U.S.C. § 1406(a). The Court defers ruling on Plaintiff's Motion for Leave to Proceed in forma pauperis pending its final decision on the venue issue.

Entered this 16th day of June, 2010.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge